UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANITA CAGAYAT,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.

Case No. 2:18-cv-1172
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant United Collection Bureau, Inc.'s ("UCB") *Motion to Dismiss* (ECF No. 5), Plaintiff Anita Cagayat's ("Cagayat") *Response in Opposition* (ECF No. 8), and UCB's *Reply* (ECF No. 10). For the reasons set forth below, the Court **GRANTS** UCB's *Motion to Dismiss*. (ECF No. 5).

### I.

On October 3, 2018, Cagayat initiated this lawsuit against UCB, seeking damages for UCB's alleged violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA") under Ohio Rev. Code Ann. § 1345 *et seq. See* Pl.'s Compl. (ECF No. 1). Cagayat alleges that UCB sent her two consumer debt collection letters (the "Letters") that "featured a large glassine window, through which a paper page with [Cagayat]'s name and address [are] visible." Pl. Compl. at ¶ 10. Cagayat claims that "[t]he words 'Collection Bureau' bleed through the paper page and are clearly visible through the glassine window to the naked eye." *Id.* at ¶ 12. Here is one of the

Letters that UCB sent to Cagayat:



Pl.'s Compl., Ex. A. Cagayat attached this image to her complaint as an exhibit. *See id.* UCB also attached Exhibit A to its Motion to Dismiss. Def.'s Mot. to Dismiss at 6.

Cagayat further claims that her daughter saw the Letters and recognized that a debt collector sent them. *Id.* at 3. UCB moves the Court to dismiss Cagayat's claims because, in UCB's view, the allegations do not constitute a violation of 1692f(8).

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

### III.

To establish a claim under section 1692: (1) the plaintiff must be a "consumer;" (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes;" (3) the defendant must be a "debt collector;" and (4) the defendant must have violated section 1692's prohibitions. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). The only element at issue in this case is the fourth—whether UCB violated section 1692f(8) of the FDCPA.[1]

"To determine whether a debt collector's conduct runs afoul of the FDCPA, 'courts must view any alleged violation through the lens of the "least sophisticated consumer"—the usual objective legal standard in consumer protection cases.' " *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014) (quoting *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed. Appx. 24, 28 (6th Cir. 2007)).

Section 1692f(8) prohibits debt collectors from including "any language or symbol" "on any envelope," except the debt collector's address and "business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8). "The purpose of [§ 1692f(8)] is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Rutyna v. Collection Accounts*

---

[1] In Count One, Cagayat alleges that UCB only violated section 1692f(8).

3

*Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979). Cagayat alleges that the only language that violates section 1692f(8) is UCB's business name: United Collection Bureau, Inc., which the parties agree indicates that UCB is a debt collection business.[2] Thus, because the exception does not apply, section 1692f(8) prohibits UCB's business name from appearing on any envelope.

## A. Cagayat's Exhibits Indicate That UCB Did Not Violate § 1692f(8).

The issue is whether "Collection Bureau" appeared on the Letters' envelopes. Language or symbols are "on an envelope" when they are visible "on the face of the envelope," including those that are clearly visible through an envelope's glassine windows. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302–03 (3d Cir. 2014) (holding an account number printed on a letter and clearly visible through the glassine window violates § 1692f(8)); *see also Palmer v. Credit Collection Servs.*, 160 F. Supp. 3d 819, 821 (E.D. Pa. 2015) (finding a bar code visible through a glassine window violates § 1692f(8)).

UCB argues that the "Collection Bureau" never appears on the face of the Letters' envelopes. Further, UCB notes that "there is no information on the face of the envelope that UCB could have removed to further ensure compliance with the FDCPA." Def.'s Mot. to Dismiss at 6. In contrast, Cagayat argues that her Complaint alleges "conduct that falls squarely within § 1692f(8) [because] the words 'Collection Bureau' were printed on the letter, and a person looking at the envelope in normal lighting can, without unusual strain or effort, clearly read those words through the glassine window." Pl.'s Mem. in Resp. at 4. In her view, "[i]t is irrelevant *where* the words were printed." *Id.* (emphasis in original). Other courts have noted

---

[2] *See Keasey v. Judgment Enforcement Law Firm*, No. 2:13-CV-420, 2014 WL 1744268 (W.D. Mich. April 30, 2014) (finding that the name "Judgment Enforcement Law Firm" above the return address on the envelope violated section 1692f(8) because "[a] person viewing the mailing, including the least sophisticated consumer, could reasonably conclude that a law firm dedicated to enforcing judgments is in the debt collection business.")

4

that where the relevant language or symbols are printed is relevant. *See Brooks v. Niagra Credit Solutions, Inc.*, No. 15-9245, 2015 WL 6828142, at *6 (D. Kan. Nov. 6, 2015) ("§ 1692f(8) is intended to prohibit markings on the outside of debt collection envelopes that suggest that the contents of the envelope pertain to debt collection."); *Anenkova v. Van Ru Credit Corp.*, 201 F. Supp. 3d 631 (E.D. Pa. 2016) (noting that the symbols at issue were "clearly visible through a glassine window.").

Cagayat attached photographs of the Letters as exhibits to her Complaint. *C.f.* Fed. R. Civ. P 10(c) ("A copy of a *written instrument* that is an exhibit to a pleading is a part of the pleading for all purposes.") (emphasis added). UCB then attached one of those photographs to its Motion to Dismiss. *See* Def.'s Memo. in Supp. of Mot. to Dismiss at 6 (ECF No. 6). The Court may consider exhibits in determining whether dismissal is proper. *See Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815 (S.D. Ohio 1999), *affirmed on other grounds*, 317 F.3d 646 (6th Cir. 2003) (evidence outside pleadings may not be used to support a motion unless evidence is referenced in plaintiff's complaint and is central to plaintiff's claims); *see also Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749–50 (D. Md. 1997) (finding that, when addressing a motion to dismiss, the court could consider a photocopy exhibit that was central to the plaintiff's claims and included in both parties' court filings).

Reviewing the Exhibits, the Court concludes that "Collection Bureau" is neither conspicuously included on the envelope nor clearly visible through the envelopes' glassine windows. In contrast, those words are—at best—barely legible. Additionally, applying the least sophisticated consumer standard, a person looking at the envelopes cannot read "Collection Bureau" without unusual strain or effort because those words are printed on the opposite side of the Letters and are upside-down and backwards (e.g., "neaɹnq uoᴉʇɔəlloƆ").

5

### B. Cagayat's Proposed Application of § 1692f(8) Would Lead To An Absurd Result.

UCB argues that, even if the language was visible through the glassine windows, finding an FDCPA violation based on Cagayat's allegations would lead to an absurd result, about which courts interpreting § 1692f(8) have cautioned. Indeed, courts have warned that § 1692f(8) should not be read to create absurd results. *Douglass*, 765 F.3d at 306 n. 9; *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 492–93 (5th Cir. 2004); *Strand v. Diversified Collection*, 380 F.3d 316, 318 (8th Cir. 2004).

The Court agrees that finding UCB violated § 1692f(8) based on Cagayat's claims would be an absurd result. As discussed *supra*, § 1692f(8) is intended "to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Rutyna*, 478 F. Supp. at 982. Further, the language that Cagayat claims violated the FDCPA was not conspicuously marked on the outside of the envelopes. Instead, the words "Collection Bureau" were printed on the inside portion of the letter, which is necessary for UCB to collect debt. *See Gardner v. Credit Mgmt, LP*, 140 F. Supp. 3d 317, 321 (S.D. N.Y. 2015) (noting that a literal application of § 1692f(8) may "yield the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether."). In conclusion, such a technical interpretation of § 1692f(8) would yield a "bizarre and idiosyncratic result." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 507 (6th Cir. 2007).

Finally, Cagayat argues that even if UCB's conduct does not directly violate § 1692f(8), the conduct "still falls within the 'extraordinarily broad' reach of the FDCPA." Pl.'s Memo. at 5 (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009)). In Count One, however, Cagayat only alleges that UCB violated section 1692f(8). *See* Pl.'s Compl. at ¶¶ 22,

23. Therefore, the Court need not address whether UCB violated the " 'non-exhaustive list' of proscribed activities under § 1692f and find that the conduct at issue here has the same effect on a debtor's privacy…." *See* Pl.'s Memo. in Opp. at 5.

In conclusion, Cagayat fails to state an FDCPA claim against UCB. Therefore, the Court **DISMISSES** Cagayat's FDCPA claim.

### C. Cagayat Has Failed to State a Claim Under Ohio Law.

In Count Two, Cagayat asserts that UCB violated the OCSPA. As Cagayat concedes, however, "as a general rule, an FDCPA violation also constitutes [an OCSPA] violation." Pl.'s Memo. in Opp. at 9. Indeed, "any violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or 1345.03." *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016) *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016) (quoting *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio April 15, 2008)). Therefore, because Cagayat has failed to allege that UCB violated the FDCPA, she has also failed to state a claim under the OCSPA. Accordingly, the Court **DISMISSES** Cagayat's OCSPA claim.

### IV.

In conclusion, the Court **GRANTS** UCB's *Motion to Dismiss* (ECF No. 5), thereby **DISMISSING with PREJUDICE** Cagayat's FDCPA and OCSPA claims. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

5-1-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

7